NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| BRIONNE CUFF, | : | |
| | : | Civ. No. 24-840 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DIRECTOR BECKY SCOTT, et al., | : | |
| | : | |
| Respondents | : | |

RENÉE MARIE BUMB, UNITED STATES DISTRICT JUDGE

Petitioner Brionne Cuff, a pretrial detainee in the Hudson County Jail in Kearny, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1), alleging that he was falsely arrested and deprived of his constitutional rights in his ongoing state criminal prosecution.   For relief, Petitioner seeks release from detention and/or dismissal of the indictment and investigation of the various defendants.[1]   Petitioner filed an application to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a) (Dkt. No. 1-1), which will be granted.

This matter is now before the Court for screening pursuant to Rule 4 of the

---

[1] District courts lack jurisdiction to initiate criminal investigations. *See United States v. Santtini*, 963 F.2d 585, 595 (3d Cir. 1992) ("As a general proposition, matters of law "enforcement" are within the power of the executive branch.")

Rules Governing Section 2254 Cases in the United States District Courts.[2]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4.

## I.   DISCUSSION

District courts have jurisdiction to issue a writ of habeas corpus to a person who is "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c).   Federal habeas corpus is primarily a *post-conviction* remedy for state prisoners.   *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975) (citations omitted) (emphasis added).   While district courts have pretrial habeas jurisdiction under 28 U.S.C. § 2241, courts should execute such jurisdiction "sparingly" to prevent federal pretrial interference of "'the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46).   Pretrial habeas jurisdiction is improper where it is used to "derail[] a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."   *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 493.   State courts have authority to protect "the accused in the enjoyment of his [federal] constitutional rights," and "comity demands that the state courts, under whose process he is held ... should be appealed to in the first instance."

---

[2]  The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

*Moore*, 515 F.3d at 442-43 (internal quotation marks and citations omitted).   To exhaust state court remedies, a petitioner must "invoke one complete round of the state's established appellate review process" before he can present his habeas claim to the federal court.   *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).   In New Jersey, one must "first presen[t] the claims to the state trial and appellate courts, and in a petition for review in the New Jersey Supreme Court."   *Lincoln v. Owens*, No. 16-990(RMB), 2016 WL 884641, at *2 (D.N.J. Mar. 8, 2016) (citing *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004)).   Petitioner has not exhausted his state court remedies and he does not present extraordinary circumstances where there is no state court avenue for relief on his constitutional claims, such as lack of probable cause, discovery violations and ineffective assistance of counsel.   Therefore, the Court will decline to exercise pretrial habeas jurisdiction.

Petitioner has named Cumberland County Prosecutor's Office and Metro State Police as Respondents in this matter.[3]   "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held."   *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).   Therefore, the Court will dismiss Cumberland County Prosecutor's Office and Metro State Police as Respondents.

## III.    CERTIFICATE OF APPEALABILITY

---

[3] The Court takes judicial notice that Petitioner has filed a civil rights action under 42 U.S.C. § 1983 against members or former members of Metro State Police regarding the arrest underlying his ongoing state criminal prosecution.   *Cuff v. Zee*, 23cv22823 (RMB) (D.N.J.).

A district court should issue a certificate of appealability under 28 U.S.C. §

2253(c)(1)(A), (2) where the habeas applicant has made a substantial showing of the

denial of a constitutional right.   Where a district court dismisses a habeas petition on

procedural grounds, "a COA should issue when the prisoner shows, at least, that

jurists of reason would find it debatable whether the petition states a valid claim of

the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling."   *Slack v. McDaniel*,

529 U.S. 473, 484 (2000).   Here, jurists of reason would not find it debatable that

Petitioner failed to present extraordinary circumstances to justify exercise of pretrial

habeas jurisdiction over his ongoing state criminal proceedings.   Therefore, the

Court will not issue a certificate of appealability on this procedural ruling.

## IV.   CONCLUSION

The Court will dismiss Camden County Prosecutor's Office and Metro State

Police as Respondents and dismiss the habeas petition without prejudice because

Petitioner has not exhausted his constitutional claims in the states courts.   The

Court will deny a certificate of appealability.

An appropriate Order follows.


**Dated:   June 5, 2024**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**
